**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1727-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMIE COOPER,

    Defendant-Appellant.

_____

Submitted December 9, 2024 – Decided December 19, 2024

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 08-08-22.

Galantucci & Patuto, attorneys for appellant (Richard G. Potter, of counsel and on the briefs).

Carolyn A. Murray, Acting Sussex County Prosecutor, attorney for respondent (Karen A. Lodeserto, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jamie Cooper seeks reversal of the Law Division's January 25, 2024 order upholding, de novo, an August 11, 2022 judgment of conviction of the Frankford Municipal Court finding him guilty of the following: (1) driving while intoxicated ("DWI"), N.J.S.A. 39:4-50; (2) refusal to submit to a chemical test, N.J.S.A. 39:4-50.4a; and (3) speeding, N.J.S.A. 39:4-98. Defendant conditionally pled guilty to the charges after the municipal judge denied his motion to suppress the State's evidence.

The charges stemmed from a motor vehicle stop by a State Trooper on the evening of April 28, 2021. The trooper had observed defendant's car traveling 64 mph in a 45-mph zone. Defendant was driving the car, which had three other passengers.

According to the trooper's testimony at a suppression hearing, he spoke to defendant after stopping him and could smell "the odor of an alcoholic beverage, and as well, the odor of burnt marijuana emanating." The trooper testified that, because of the speeding, the odor of alcohol and marijuana, and to "establish impairment," he "took [defendant] out of the vehicle to conduct [field] sobriety tests." The trooper sought to perform the field sobriety tests because defendant "was showing signs" that led him to believe defendant was "possibly under the influence of either alcohol or a narcotic." Defendant refused to perform the field

sobriety tests, stating that he would prefer to take the Breathalyzer. The trooper placed defendant under arrest. He issued summonses corresponding to the charges referenced above.

On cross-examination by defense counsel, the trooper stated that when defendant stepped out of the car, he smelled marijuana on defendant's breath, but acknowledged he could not smell defendant's breath before that time. Notably, the trooper denied smelling any alcohol on defendant's breath.

When asked to specify what he had considered at the scene to be indicia of defendant's intoxication, the trooper testified: "his demeanor, how he behaved, how he was speeding . . . ." Explaining further what he meant by defendant's demeanor, the trooper stated that "[h]e was questioning everything . . . . [H]e was debating the speed, which obviously, it was not like he was only five miles over the speed limit. The speed limit was 45 [mph] and he was [going] 64 [mph]." The trooper found it significant that defendant stated, "he wasn't going that fast," a perception "which then makes me believe he is unaware of how fast he is traveling, which could be a sign of impairment, as well."

The trooper acknowledged that defendant was not stuttering, slurring his words, crying, or laughing inappropriately. He also acknowledged defendant's face was not red.

3

The municipal judge found the trooper's account of the events credible and concluded the trooper had reasonable suspicion to require defendant to submit to field sobriety tests. The judge further reasoned that when defendant refused to submit to the tests, that refusal furnished the trooper with probable cause to arrest him. Consequently, the municipal judge denied defendant's motion to suppress the fruits of the motor vehicle stop and search.

Defendant then entered into a conditional guilty plea to the speeding, DWI, and refusal violation. He was sentenced to a one-year driver's license suspension, forty-eight hours in the Intoxicated Driver Resource Center ("IDRC") program, and various fines and penalties.

Defendant filed a municipal appeal in the Law Division, essentially arguing the same points for suppression that he had argued in the municipal court. On de novo review, the Law Division judge reached the same legal conclusions as the municipal judge and sustained the convictions.

In his brief on the present appeal, defendant argues:

POINT I

> THE APPELLANT'S SUPPRESSION MOTION SHOULD HAVE BEEN GRANTED BEAUSE THERE WAS NO REASONABLE ARTICULABLE SUSPICION TO ASK THE APPELLANT TO PERFORM FIELD SOBRIETY TESTS, AND,

4

THEREFORE, NO PROBABLE CAUSE TO ARREST HIM.

Before we address this issue, it is incumbent to raise a concern we have that appears to have been overlooked. About two months before this motor vehicle stop, the Legislature enacted the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act ("CREAMMA"), N.J.S.A. 24:6I-31 to -56, "a sweeping law that largely decriminalizes the simple possession of cannabis in New Jersey." State v. Gomes, 253 N.J. 6, 11 (2023). The statute became effective on February 22, 2021. Among other things, CREAAMA declares that "the odor of cannabis or burnt cannabis" can no longer, "individually or collectively, constitute reasonable articulable suspicion of a crime." N.J.S.A. 2C:35-10c; see also State v. Cohen, 254 N.J. 308, 328 (2023) (acknowledging that, as the result of CREAMMA, "going forward, . . . cases involving the automobile exception and probable cause to search a vehicle based solely on the smell of marijuana will likely be few and far between" (emphasis added)).

Here, the trooper's justification for perceiving defendant's impairment and for requiring defendant to submit to field sobriety tests was based, at least in part, on his perception that defendant emitted the smell of marijuana. As we

5

noted above, the trooper did not smell alcohol on defendant when he got out of the car in closer proximity.

Under the circumstances, we remand this matter to the Law Division to reconsider its analysis in light of CREAMMA and N.J.S.A. 2C:35-10c. The Law Division will have the discretion to invite supplemental briefing from the parties. We intimate no views on the appropriate outcome of the remand.

The remand shall be completed within forty-five days. Following the issuance of the Law Division's remand decision, the parties may respectively pursue renewed appellate review—defendant via an amended notice of appeal or the State via a motion for leave to appeal. The Law Division will have the authority to consider whether any of the terms of defendant's sentence should be stayed in the interim. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1727-23